UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DARLENE CURL,

     Plaintiff,

vs.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

     Defendant.

_____)

The Plaintiff, Darlene Curl ("CURL"), by and through the undersigned counsel,

hereby sues Liberty Life Assurance Company of Boston ("LIBERTY") and alleges:

## PRELIMINARY ALLEGATIONS

1.   "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f)

and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA")

as it involves a claim by a Plaintiff for employee benefits under and employee benefit

plan regulated and governed under ERISA. Jurisdiction is predicated under these code

sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action

is brought for the purpose of recovering benefits under the terms of an employee benefit

plan, and to clarify Plaintiff's rights under the employee benefit plan administered and

funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of

benefits, prejudgment and postjudgment interest, reinstatement of plan benefits at issue

herein, and attorney's fees and costs.

2.   CURL was at all times relevant a plan participant under the Aisin

Holdings of America, Inc. Long Term Disability Plan, Policy No.: GD3-880-037881-01

("LTD" Plan).

3.     Defendant, LIBERTY, is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Southern District of Florida. LIBERTY is the insurer of benefits under the Aisin Holdings of America, Inc ("Aisin") LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, LIBERTY administered the claim with a conflict of interest and the bias this created affected the claims determination.

4.     The LIBERTY LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Aisin Holdings of America, Inc, under which CURL was a participant, and pursuant to which CURL is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, CURL is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as CURL remains disabled as required under the terms and conditions of the LTD plan.

5.     Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LIBERTY, is authorized to and is doing business within the Southern District of Florida and in that the final denial occurred/was delivered in the Southern District of Florida.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6.     CURL incorporates by reference all preceding paragraphs as though fully set forth herein.

7.     At all times relevant, CURL was an employee or former employee of Aisin and a plan participant under the terms and conditions of the LTD Plan.

8.    During the course of CURL's employment, CURL became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while CURL was covered under the LTD Plan, CURL suffered a disability, the nature of which due to privacy is set forth in detail in the Administrative Record, rendering her disabled as defined under the terms of the LTD Plan.

9.    As it relates to Ms. Curl's claim, **"Disability" or "Disabled"** means: Disability or Disabled means: 1) For persons other than pilots, co-pilots, and crewmembers of an aircraft: (i) that during the Elimination Period and the next 12 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and (ii) thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

10.    Material and Substantial Duties are defined to mean- with respect to Long Term Disability, means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.

11.    Any Occupation means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity

12.    CURL's claim is currently in the any occupation period.

13.    Pursuant to the terms of the LTD Plan, CURL made a claim to LIBERTY for benefits under the LTD Plan with an effective date of disability of January 20, 2016.

14.    LTD Benefits became payable as of July 20, 2016.

15.    LIBERTY initially approved CURL's claim for benefits as it had

determined that due to sickness she was unable to perform the Material and Substantial Duties of her Own Occupation.

16. As of July 20, 2017, in order to remain eligible for continued LTD benefits, CURL had to established that she was disabled under the Any Occupation definition of disability.

17. LIBERTY determined that CURL was in fact disabled under the any occupation period of disability and continued to pay benefits beyond July 20, 2017.

18. On February 23, 2018, LIBERTY advised CURL it was terminating her claim for LTD benefits after it had determined that the medical evidence no longer supported medical restrictions and limitations that would prevent her from working any occupation.

19. CURL properly appealed LIBERTY's adverse determination on March 13, 2018.

20. On April 9, 2018, LIBERTY upheld its denial of CURL's claim for LTD Benefits on appeal.

21. CURL has no further administrative remedies under the LTD Plan.

22. LIBERTY breached the LTD Plan and violated ERISA in the following respects:

a. Failing to pay LTD benefits to CURL at a time when LIBERTY and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as CURL was disabled and unable to work and therefore entitled to benefits.

b. After CURL's claim was denied in whole or in part, LIBERTY failed to adequately describe to CURL any additional material or information necessary for CURL

to perfect her claim along with an explanation of why such material is or was necessary.

    c.   LIBERTY failed to properly and adequately investigate the merits of CURL's disability claim and failed to provide a full and fair review of CURL's claim.

    23. CURL believes and alleges that LIBERTY wrongfully denied her claim for LTD Benefits under the LTD Plan by other acts or omissions of which CURL is presently unaware, but which may be discovered in this future litigation and which CURL will immediately make LIBERTY aware of once said acts or omissions are discovered by CURL.

    24. As a proximate result of the aforementioned wrongful conduct of LIBERTY under the LTD Plan, CURL has damages for loss of disability benefits in a total sum to be shown at the time of trial.

    25. As a further direct and proximate result of this improper determination regarding CURL's claims for benefits, CURL, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), CURL is entitled to have such fees and costs paid by LIBERTY.

    26. The wrongful conduct of LIBERTY has created uncertainty where none should exist, therefore, CURL is entitled to enforce his rights under the terms of the STD Plan and LTD Plan and to clarify her right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

    WHEREFORE, Darlene Curl prays for relief against the Liberty Life Assurance Company of Boston as follows:

    1.   Payment of disability benefits due Plaintiff;

    2.   An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled

by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.      In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.      Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.      Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6.      Such other and further relief as this Court deems just and proper.


DATED: July 25, 2019

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*/s/ Stephen F. Jessup*
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com